FILED

2014 JUL 16 AM 9:23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PDQ INVESTMENTS LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>DICKINSON MILLICENT,<br><br>            Defendants. | Case No. CV 14-5211-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

      Juan Lopez ("Applicant") lodged a pro se Notice of Removal of State Court Action ("Notice of Removal") herein on July 3, 2014. Applicant also filed a request to proceed without prepayment of full filing fee ("IFP Request") on July 3, 2014.

      After careful review and consideration of the allegations of the Notice of Removal, and pursuant to 28 U.S.C. Section 1915, the Court finds that the Applicant's allegations are frivolous and are not sufficient to state any claim as presently plead in the Notice of Removal.

/ / /

/ / /

/ / /

The Court has screened the Notice of Removal prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a party who is immune from such relief.

In addition, the Court's screening of the Notice of Removal is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Since the Applicant is appearing pro se, the Court must construe the allegations of the Notice of Removal liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the Notice of Removal states a claim on which relief may be granted, the Court must take its allegations of material fact as true and must construe them in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, as the Supreme Court has held: "a [party's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted).

As the Supreme Court has explained, to conform with the pleading requirements of Fed. R. Civ. P. 8, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting Twombly 550 U.S. at 570), and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id., citing Twombly, 550 U.S. at 555). In elaborating on the requirements of Rule 8 that a

complaint must state sufficient facts to support a plausible (rather than a merely possible) cause of action, the <u>Iqbal</u> Court stated that "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- 'that the pleader is entitled to relief'" (<u>Iqbal</u>, 556 U.S. at 678, citing to Fed. R. Civ. P. 8(a)(2).)

     Here, the underlying state action is a straight-forward unlawful detainer action, and therefore does not present a federal question. Even assuming that the defendant in that action intended to assert a federal defense to the state law claim, such action does not convert it to "arising under" federal law for purposes of federal question jurisdiction (see <u>More-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1244 (9th Cir. 2009)). The Court notes that Applicant does not allege the amount in controversy in the Notice of Removal, however, the plaintiff in the unlawful detainer seeks damages which do not exceed $10,000 (see Complaint, caption). The Complaint seeks damages of $24.00 per day from February 4, 2014, to the date of entry of judgment. (Complaint at ¶¶ 11, 17.) Moreover, the Applicant has not alleged complete diversity, as required by 28 U.S.C. § 1332.

     The Court further notes that the Applicant is not named as a defendant (or in any capacity) in the underlying unlawful detainer action he seeks to remove. Pursuant to 28 U.S.C. § 1446(a) "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." As Applicant is not a defendant in the action he seeks to remove - or even a party - there is no basis for such removal.

/ / /

/ / /

For these reasons, defendant's IFP Request is DENIED.

IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 275 Magnolia Avenue, Long Beach, CA 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1446(a); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 7/10/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge